[No. 19840.  Department Two.  October 8, 1926.]

A. P. WILKES, *Respondent*, v. W. C. BAKER *et al.,*
*Appellants.*[1]

[1] MONEY RECEIVED (5, 6)—PERSONS ENTITLED AND LIABLE.  An action lies for money received to recover a sum paid to one pretending to act as a friendly adviser, who induced plaintiff to make a trade and represented that the money was part of the purchase price, when in fact it was retained as a commission without plaintiff's knowledge.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., upon findings in favor of the plaintiff, in an action for money received, tried to the court. Affirmed.

*Clyde H. Belknap,* for appellant.

*Robertson & Paine,* for respondent.

MAIN, J.—The plaintiff brought this action to recover the sum of $2,800 which he claims was wrongfully exacted of him in a real estate transaction. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining the plaintiff's right to recover the amount demanded, together with interest. From this judgment the defendants appeal.

In November, 1924, the respondent was the owner of six hundred and forty acres of unimproved land near Bonners Ferry, Idaho. The respondent and the appellant W. C. Baker, who will be referred to as though he were the only party against whom the action was brought, had been close personal friends for a number of years. In any real estate transaction that the respondent had, he would rely upon Baker's judgment. The respondent at this time desired to exchange his

[1]Reported in 249 Pac. 982.

unimproved land for improved property, and had in mind a quarter section of land in this state referred to as the Cheney Highway ranch. The appellant accompanied the respondent to look at this property and dissuaded him from making the exchange. He suggested to the respondent a trade of the Bonners Ferry land for a half section of land near Post Falls, Idaho, then owned by Grant Sheffield. The respondent was taken to look this land over, but did not meet the owner thereof. The negotiations were carried on by the appellant and one S. E. Hale, a real estate broker representing Sheffield. The exchange of the properties was finally consummated in December, 1924.

[1]   The respondent claims that the appellant was acting for him purely as a matter of friendship and that it was understood between them that no commission was to be paid. During the negotiations, the appellant represented to the respondent that, in order to make the exchange, it would be necessary for him to pay Sheffield $2,800 in cash, and this the respondent finally agreed to. At the suggestion of the appellant, he drew the check for that sum in his favor. Some months subsequent, the respondent learned that the properties had been exchanged without the payment of the $2,800 to Sheffield and that this sum had been retained by the appellant. The present action soon thereafter was instituted.

The appellant claims that the respondent fixed the price at which he would put in his unimproved land and the price at which he was willing to take the Sheffield land, and that he was justified in retaining the $2,800 as compensation for his services. The evidence was conflicting. The trial court found as follows:

"That in all the negotiations with said Sheffield, the defendant W. C. Baker acted as plaintiff's agent, stating that he would do so on account of friendship

for plaintiff, and finally informed him that the best bargain which could be procured for the Sheffield land was by exchanging the land of plaintiff therefor and paying the said Sheffield in addition the sum of twenty-eight hundred ($2,800) dollars, and the defendant Baker recommended to plaintiff that this was an advantageous deal and the best which could be obtained for him, and plaintiff, relying upon the representations of the said W. C. Baker, and believing them, agreed to and did transfer his property for that of Sheffield, and on December 17, 1924, gave the defendant W. C. Baker his check for $2,800, upon the representation of said Baker that it was necessary to pay the said Sheffield $2,800 in order to induce him to trade his property for plaintiff's property.

"That in truth and in fact, as the plaintiff ascertained on August 17, 1925, the said W. C. Baker had arranged, without apprising plaintiff, for an even trade of the properties of plaintiff and said Sheffield, and it was not necessary that the plaintiff pay the sum of $2,800; that the said $2,800 was retained by the said W. C. Baker for his own use and benefit and was not paid to the said Sheffield, who had no knowledge thereof."

After an attentive consideration of all the evidence, we are of the opinion that the preponderance thereof clearly supports the findings of the trial court. A detailed review of the evidence would unduly prolong this opinion and serve no useful purpose.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.